# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HAZEL THORNTON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-09-3204 |
| | * | |
| UNITED STATES BOP, et al. | * | |
| Defendents | | |

## MEMORANDUM

Pending is Hazel Thornton's ("Thornton") complaint filed pro se under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq*. Respondents, through counsel, have filed a Motion to Dismiss or in the Alternative for Summary Judgment to which Thornton has replied.[1] The matter is fully briefed and ready for disposition; a hearing is deemed unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For reasons that follow, the Motion to Dismiss shall be GRANTED.

## BACKGROUND

Thornton, a Maryland resident and a former federal inmate,[2] filed this action under the Federal Tort Claims Act alleging negligence based on her contraction of H. pylori bacteria[3]

---

[1] Thornton also filed a Motion to Appoint Counsel. A district court judge has discretion to appoint counsel if an indigent plaintiff presents exceptional circumstances. *See* 28 U.S.C. §1915(e) (1); *see also Cook v. Bounds*, 518 F.2d 779,780 (4th Cir. 1984). Whether such circumstances exist depends on 1) the type and complexity of the case, and 2) the abilities of the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v U.S. District Court*, 490 U.S. 296, 298 (1989); *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978). This case does not present extraordinary circumstances warranting appointment and the Motion will be denied.

[2] On January 18, 2002, Thornton was sentenced to 130 months incarceration following entry of guilty plea to conspiracy to distribute cocaine base. *See United States v. Thornton*, Criminal Action No. WMN-00-596 (D. Md.).

[3] "Helicobacter pylori (H. pylori) is the bacteria responsible for most ulcers and many cases of stomach inflammation (chronic gastritis). . . . As many as half of the world's population is infected with H. pylori. Those living in developing countries or crowded, unsanitary conditions are most likely to contract the bacterium, which is

during her incarceration under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). ECF No. 7. Thornton requests damages in the amount of $350,000.

In support of motion to dismiss, counsel for the United States argues: 1) Plaintiff has failed to properly administratively exhaust her claim; 2) the independent contractor exception to the FTCA bars her claim; and 3) Plaintiff fails to raise claims cognizable under *Bivens.*

### A. Factual Background

Thornton was incarcerated at the Federal Prison Camp, Alderson, West Virginia ("FPC Alderson") from February 2002 until October 2008 and the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury") from October 2008 to July 2009. On December 31, 2009, Thornton was released from custody after completion of the Bureau of Prisons ("BOP") substance abuse treatment program. ECF No. 12, Exhibit 1.

On April 3, 2009, while in custody at FCI Danbury, Thornton filed an administrative claim with the BOP claiming that she had contracted lead poisoning and H pylori bacteria during incarceration due to "consumption of contaminated institutional food and water." *See id*. at ¶¶ 9-10; Attachment A. (Administrative Tort Claim TRT-NER-2009-04060). Thornton attached to her claim copies of lab reports from February 2009. Thornton did not allege negligent medical care in her administrative tort claim. *See id.,* Attachment A.

On September 30, 2009, the BOP construed Thornton's claim as arising from her incarceration at FCI Danbury, found no evidence of negligence by a government employee, and denied her administrative claim. *See id*, Attachment B (Denial Letter for Claim TRT-NER-2009-04060). The BOP concluded that although Thornton was diagnosed with H. pylori at FCI

---

passed from person to person. H. pylori only grows in the stomach, and is usually contracted during childhood. [M]any people have this organism in their stomach, but don't get an ulcer or gastritis." http://www.nlm.nih.gov/medlineplus/ency/article/000229.htm. ECF No. 7, Memorandum, n. 1.

2

Danbury, there was no evidence the bacteria was contracted as a result of staff negligence at the facility. *See id.*

On November 24, 2009, Thornton filed a "Motion for Appropriate Relief" in this court. On December 15, 2009, the court granted Thornton additional time to file supplemental information. On April 2, 2010, Thornton filed a supplement on a standard form for prisoner civil rights complaints, listing the United States BOP of Alderson, West Virginia, Warden Nelson, Assistant Warden, and Health Director Blankenship as defendants.[4] ECF No. 7, p. 1; *see also* ECF No. 9.

## STANDARD OF REVIEW

A defendant may challenge subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by contending "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). Once a defendant makes a facial challenge to subject matter jurisdiction, "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). A plaintiff receives the same procedural protection as would be received under a Rule 12(b)(6) consideration: "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When deciding a Rule 12(b)(1) motion to dismiss, "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Government of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

---

[4] Service was not effectuated on the individual defendants.

**ANALYSIS**

1. **Administrative Exhaustion of Negligent Medical Care and Treatment Claims**

The exhaustion requirement under the FTCA mandates filing the claim with the "appropriate Federal agency." 28 U.S.C. § 2675 (a). A tort claim is "forever barred" unless it is presented in writing to the agency within two years after the claim accrues. 28 U.S.C. § 2401(b). A properly presented claim requires an executed Standard Form 95 or other written notification of an accident and a claim for money damages in a sum certain for injury to or loss of property. *See* 28 C.F.R. § 14.2(a). Thornton has the burden of proving compliance with FTCA administrative requirements. *See Logan v. United States*, 851 F. Supp. 704, 707 (D. Md. 1994).

Insofar as Thornton claims negligent medical care or treatment in her FTCA claim, she has failed to exhaust her remedies before filing suit in federal court. Her administrative tort claim alleged only that she had contracted lead poisoning and H. pylori bacteria due to consumption of institutional food and water. ECF No. 12, Attachment A. Filing an administrative claim with the proper government agency, in this case the BOP, is a jurisdictional prerequisite to bringing suit under the FTCA. *See Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). The administrative exhaustion requirement may not be waived. *Id*. Thus, to the extent Thornton presents a claim of negligent medical care or treatment, her complaint must be dismissed for lack of jurisdiction based on her failure to demonstrate compliance with the administrative exhaustion requirements of the FTCA. *See* Fed. R. Civ. P. 12(b)(1).

2. **Independent Contractor Exception to FTCA**

Even if Thornton's claims were exhausted, they are barred under the independent contractor exception to the FTCA. The United States cannot be sued unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. *See Dalehite v. United States*, 346 U.S. 15, 30-31 (1953). The FTCA provides a limited waiver of sovereign immunity for plaintiffs to file suit against the United States for damages in compensation for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Waiver of sovereign immunity is strictly construed and all ambiguities are resolved in favor of the United States, *See United States v. Nordic Village, Inc*., 503 U.S. 30, 33 (1992).

The FTCA independent contractor exception is an express retention of immunity for injuries caused by acts or omissions of independent contractors performing work for the United States. *See* 28 U.S.C. § 2671. "The independent contractor exception to the waiver of sovereign immunity has been construed broadly." *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996). The exception provides that if the conduct in question was performed by an independent contractor, rather than an agent or employee of the federal government, the United States has not waived its sovereign immunity and, therefore, "the district court must dismiss the action for want of subject matter jurisdiction." *Id*. at n.2 (citing 28 U.S.C. § 1346(b)); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (under independent contractor exception, "the case should be dismissed for want of jurisdiction under Rule 12(b)(1)"). Whether an entity is an independent contractor under the FTCA is a question of federal law. *See Logue v.United States*, 412 U.S. 521, 528 (1973). "When subject matter jurisdiction is challenged under the FTCA, the plaintiff bears the burden of persuasion and must establish an unequivocal waiver of immunity

5

with respect to his claim." *Lumpkins v. United States*, 187 F. Supp. 2d 535, 538 (D. Md. 2002). (internal citations omitted).

Thornton faults the staff and administration at FPC Alderson for failing "to treat the water for the bacteria" and acting "to remedy the problem of the bacteria H. pylori." ECF No. 7, p. 8. The water supply at FPC Alderson is provided by an independent contractor. *See Anderson v. Federal Bureau of Prisons* (S.D. W. Va. 2007) (unpublished), ECF No. 12, Exhibit 3, pp. 16-19 (dismissing prisoner's FTCA claim that defendant caused her to contract H. pylori through water supply at FPC Alderson because "[u]nder the FTCA, defendant is not liable for any negligence caused by its water supplier")[5] Because the United States is not liable for the acts or omissions of an independent contractor, the independent contractor exception bars suits against the United States. *See Williams*, 50 F.3d 299, 305 (4th Cir. 1995). Plaintiff has failed to satisfy this burden here and, thus, her complaint will be dismissed for want of jurisdiction.

Thornton alleges that she contracted H. pylori in July of 2008 at FPC Alderson. She filed her administrative complaint in 2009, and could assert her claims for the preceding two-year period. During this period the water at Alderson was supplied by the town of Alderson, West Virginia. ECF No. 12, ¶ 2, Decl.of Samuel Adams, FPC Alderson, Safety Manager. The water was supplied to the FPC Alderson was the same as that provided to the residents of the town. *See id*. at ¶ 3. No FPC Alderson staff member had control over the water supply or its testing and maintenance. *Id*. The water supply was subject to state standards and was tested daily by the town of Alderson. *See id*. at ¶ 5. Additionally, the Safety Department at FPC Alderson is audited on an annual basis under the Clean Water Act requirements. *See id*. at ¶ 7. FPC Alderson

---

[5] The BOP construed Thornton's administrative claim to state the bacteria was ingested at FCI Danbury, and denied the claim in part because the water source at FCI Danbury is supplied by the City of Danbury and met all State and EPA requirements for drinking water. ECF 12, Exhibit 1 and Attachments A and B. *See id.*

has not received any violations based on these audits since at least 1999, if ever. *See id*. at ¶

Consequently, even if Thornton were to have provided evidence that she contracted H. pylori from the drinking water supply at FPC Alderson, which she has not, no evidence of negligence is provided.

### B. Bivens Claim

A *Bivens* action will not lie against federal agencies or federal officials in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Insofar as Thornton might intend to raise claims against FPC Alderson Warden Nelson, Assistant Warden, and Health Director Blankenship in their individual capacities, she fails to allege claims of constitutional violation by these individuals. Absent specific claims against these defendants, the Complaint will be dismissed.

## CONCLUSION

For these reasons, the Court will grant Defendants' Motion to Dismiss for lack of jurisdiction. A separate Order follows.

/s/

11/18/10
Date

William M. Nickerson
United States District Judge